IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CRIMINAL NO. 3:16-cr-30024-005-DRH |
|  | ) |  |
| JAMIE RAMON GREEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## PLEA AGREEMENT

It is hereby agreed between the United States of America, through United States Attorney Donald S. Boyce and Assistant United States Attorney Steven D. Weinhoeft (collectively referred to as the "Government") and the Defendant **JAMIE RAMON GREEN** (hereinafter "Defendant") with the advice and consent of **Patricia Gross**, counsel for the Defendant, as follows:

### I. Plea, Penalties, and Elements

1. Defendant will enter a plea of guilty to the Indictment. Defendant committed each of the acts that are the elements of the offenses, and Defendant agrees that Defendant is guilty of the charges in the indictment. Defendant understands that the statutory maximum penalties, and minimum penalties if applicable, are as follows:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1 | Conspiracy to Distribute, and Possess With Intent to Distribute, Cocaine<br><br>21 U.S.C. § 846; and § 841 (a)(1) and (b)(1)(A)(iii) | **Imprisonment:** NLT 10 years up to life imprisonment;<br>**Fine:** NMT $10,000,000<br>**Supervised Release:** NLT 5 years<br>**Special Assessment:** $100 | 1. The conspiracy as charged in Count 1 existed; and<br>2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.<br>3. The conspiracy involved 5 kilograms or more of a mixture or substance containing cocaine. |

2. Defendant understands that the Court must assess a "Special Assessment" of $100 per felony count. Defendant agrees to pay the special assessment on or before the date of sentencing unless Defendant establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the Defendant agrees to pay it as soon as practicable.

3. Defendant understands that the Government will recommend the imposition of a fine which may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

4. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated June 16, 2015, are, for imprisonment: $2,552.00 per month; for community confinement: $2,417.00 per month; and for supervision: $273.00 per month.

5. Defendant shall cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

## II. Advisory Sentencing Guideline Calculations

1. The Government and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an **Offense Level of 31, a Criminal History**

**Category of III, a sentencing range of 135-168 months' imprisonment, and a fine range of $30,000-$300,000.** The Government and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), **but the Defendant agrees not to seek a sentence below the low end of the applicable Guideline range as determined by the Court. The United States agrees not to file a §851 enhancement and to recommend a sentence within the applicable Guideline range as determined by the Court.** The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

2. Defendant and the Government agree that the advisory Guideline calculation for Count 1, Title 21, United States Code, Sections 841(a)(1), is as follows:

| Guideline Section | Description | Level |
|---|---|---|
| § 2D1.1(a)(5) & (c)(5) | Base Offense Level – 50-150 kilograms of cocaine | 34 |
| | | |

3

|  | TOTAL OFFENSE LEVEL: | 34 |
|---|---|---|
| §3E1.1 | Acceptance of Responsibility | (-3) |
|  | **TOTAL OFFENSE LEVEL:** | **31** |

3. Defendant and the Government agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3.A.

4. Defendant and the Government agree that Defendant's role in the offense was such that Defendant's offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

5. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level should not be increased.

6. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 Levels. See U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

7. Defendant and the Government submit that it appears that Defendant has amassed Six (6) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is III. Defendant and the Government arrived at this Category based upon the following information:

4

| DATE | OFFENSE | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 10/25/90 | Sheriff's Office Nacogdoches, TX Possession of controlled substance | Unknown |  | 0 |
| 1/6/91 | Sheriff's Office Nacogdoches, TX Trespassing | Unknown |  | 0 |
| 1/17/91 | Sheriff's Office Nacogdoches, TX Delivery of Controlled substance – 3 counts Case No.: F043841991 | 20 years' imprisonment on 1 count, other counts not guilty | §4A1.2(e) | 0 |
| 3/23/91 | Nacogdoches County Sheriff's Department; Nacogdoches, TX; Possession marijuana | 07/03/1991: Convicted. Sentenced to 90 days jail. | §4A1.2(e) | 0 |
| 3/15/94 | Sheriff's Office Nacogdoches, TX Unlawful possession of firearm by felon | Charge dropped. |  | 0 |
| 4/18/2000 | Angelina County Sheriffs Office; Lufkin, TX; Possession controlled substance Two Counts Case No.: CR21587 | 07/06/2000: 1&2 Pled guilty. Sentenced to 10 years prison. 06/30/03, released on parole. 04/12/04, returned parole violator due to new law violation. 09/12/10, discharged sentence. | §4A1.1(a) | 3 |
| 11/25/2003 | Sheriff's Office Nadogdoches, TX Manufacture/Delivery controlled substance Case No.: F115812003 | 03/02/2004: Pled guilty. Sentenced to 2 years prison. | §4A1.1(a) | 3 |
| 6/6/07 | Police Department Nacogdoches, TX Case No.: CF07010308 Driving while license invalid | 07/10/2007: Pled guilty. Sentenced to 1 year probation, $350 fine. 01/16/08, early discharge. | §4A1.2(c) | 0 |
| 4/24/08 | Angelina County Sheriffs Office ; Lufkin, TX; 1)No driver's license 2)Failure to appear | 1)Fined $205. 2)Fined $330. | §4A1.2(c) | 0 |

5

| DATE | OFFENSE | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 11/19/11 | Police Department Nacogdoches, TX Driving with license Inv w/prev conv/susp/w/o fin res Case No.: CF1200061 | 01/17/2012: Pled guilty. Sentenced to 6 months probation, $250 fine. 08/02/12, probation discharged. | §4A1.2(c) | 0 |
| 8/22/14 | Police Department Nacogdoches, TX Case No.: CF1402192 Driving while license invalid with previous conviction | 11/04/2014: Pled guilty. Sentenced to 6 months probation, $200 fine. 05/12/15, unsuccessful discharge from probation. | §4A1.2(c) | 0 |
| 12/3/15 | U.S. Drug Enforcement Administration; Fairview Heights, IL; Possession cocaine | Appears to be related to federal instant offense. | §4A1.2(c) | 0 |
| | | | Total Points | 6 |
| | | | Criminal History Category | III |

### III. Limitation of Plea Agreement & Breach of the Agreement

1. Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement and the Stipulation and any addenda attached hereto embody the entire agreement between the Government and Defendant and supersedes any other agreement, oral or written.

2. Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

3. Defendant acknowledges, understands and agrees that if Defendant:

- commits any offense in violation of federal, state, or local law;

6

- violates any condition of release;

- violates the terms of this Agreement or the attached Addenda, if any;

- fails to perform any of Defendant's obligations under this Agreement or the attached Addenda, if any;

- moves to withdraw the guilty plea;

- contests or assists another in contesting the forfeiture of money, property or assets which the Defendant has agreed to forfeit;

- conceals, transfers, encumbers or otherwise makes unavailable any assets or assists any person therewith, which would otherwise be available to the Government through exercise of legal processes to satisfy any financial obligation imposed by the Court including, but not limited to the forfeiture judgment, money judgment or restitution judgment or committing any acts constitution obstruction of justice;

- files an appeal or institutes a post-conviction proceeding not authorized in the section entitled "Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver;"

such violation or action by Defendant may constitute a material breach of this Agreement. In the event of Defendant's material breach of this Plea Agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all of its obligations under this Plea Agreement. For example, the Government will be free to pursue any charges including those that may have been dismissed, promised to be dismissed, or not filed as a result of this Plea Agreement. Defendant agrees that any statute of limitations relating to such charges is tolled as of the date Defendant signs this Plea Agreement. Defendant also waives any double jeopardy

7

defense or speedy trial challenges to such charges, in the event that charges are brought following a breach of this Plea Agreement by Defendant. The Government may move to set aside Defendant's guilty plea. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement or if Defendant is permitted to withdraw Defendant's guilty plea, any and all statements made by Defendant, whether under oath or not, at the change of plea hearing and any evidence derived from such statements are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### IV. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be

protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). Defendant will argue that exceptional circumstances exist in this case. Defendant agrees to notify the Government and the Court, in writing, at least four days prior to the entry of a plea of the facts and circumstances supporting this position.

4. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

5. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the Government in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence

imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant acknowledges that such an appeal may be considered a material breach of this Plea Agreement and the Government reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

6. Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

7. Defendant's waiver of appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

8. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## V. Agreement to Forfeit Assets

1. The Defendant agrees to forfeit to the United States immediately and voluntarily any property which is subject to forfeiture pursuant to 21 U.S.C. § 853(a). The items to be forfeited include the following:

   a. $508,330.00 U.S. Currency, which was seized at the Drury Inn Hotel Room #562, located at 11980 Olive Boulevard, Creve Coeur, Missouri 63141 on December 3, 2015;

   b. $339,380.00 U.S. Currency, which was seized on December 3, 2015, from a black Dodge Ram pickup truck with Florida registration P99OKI and was registered to Enterprise Rental and was located at the Drury Inn Hotel located at 11980 Olive Boulevard, Creve Coeur, Missouri 63141;

   c. $319,920.00 U.S. Currency, which was seized December 3, 2015, from a grey Ford F-150 with Georgia registration BSG2774 and registered to PV Holdings (Avis/Budget), located at the Drury Inn Hotel located at 11980 Olive Boulevard, Creve Coeur, Missouri 63141;

   d. $33,744.00 U.S. Currency, which was seized on December 2, 2015, from Nahum Shibeshi, on Nancy Drive, in O'Fallon, Illinois;

   e. $11,560.00 U.S. Currency, which was seized on December 2, 2015, from Terrance Miles, on Nancy Drive, in O'Fallon, Illinois; and

   f. **Assorted jewelry consisting of: 1 Gold colored Rolex Watch, 1 gold and diamond bracelet, 1 gold colored chain with cross and diamonds, which was seized on December 2, 2015, from Terrance Miles, at a location on Nancy Drive in O'Fallon, Illinois, valued at $72,000.00.**

2. All assets to be forfeited include property used or intended to be used to facilitate the commission of the offense to which the Defendant is pleading guilty as well as any and all property constituting proceeds from said offense.

3. The parties expect the Court to find the above-referenced items are forfeitable; however, the United States may, at its discretion, proceed with the destruction of said items without completing the forfeiture process against same.

4. The United States may abandon forfeiture of any of the items by filing notice of same with the Court.

5. **Assist in recovery of assets:** The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The Defendant further authorizes his attorney, Ron Jenkins, to execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

6. The Defendant agrees to consent to any civil or administrative forfeiture brought against the property described above pursuant to 21 U.S.C. § 881. The Defendant waives service of process or notice in any such civil or administrative proceeding and agrees that an order for forfeiture may be entered in said civil or administrative proceeding without further notice or hearing.

7. If requested by the Government, all steps necessary to locate property and to pass title to the United States shall be completed before the Defendant's sentencing.

8. The Defendant agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

9. **Waiver of rights:** The Defendant further specifically waives the following constitutional or legal rights which he may otherwise possibly have had:

    a. Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

    b. Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

    c. Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. The Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

## VI. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. If convicted in this case, and if Defendant is not a United States citizen, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VII. Defendant's Acknowledgements

Defendant is fully satisfied with the representation received from defense counsel. Defendant acknowledges that the Government has provided complete discovery compliance in

this case. Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly because Defendant is guilty.

## VIII.

No matters are in dispute.

DONALD S. BOYCE
United States Attorney

_____ 12.21.16
STEVEN D. WEINHOEFT
Assistant United States Attorney

By signing this Plea Agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in a language that Defendant understands) and that Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

_____         Date: 12-21-16
JAMIE RAMON GREEN
Defendant

I have thoroughly read, reviewed and explained this Plea Agreement and its addenda, if any, to my client who understands and accepts its terms. I have advised Defendant of all matters within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the

14

factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or any of its representatives that are not contained in this written agreement or the attached addenda, if any.

_____          Date: 12/21/16
**PATRICIA CROSS**
Attorney for Defendant